UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO.: 3:10cr110-RJC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CONSENT ORDER AND** |
| v. | ) | **JUDGMENT OF FORFEITURE** |
| | ) | |
| STEVIE PERKALE LEE, | ) | |
| aka STEVEN P. LEE, | ) | |
| | ) | |
| Defendant. | ) | |

BASED UPON the Defendant's plea of guilty, and finding that there is a substantial nexus between the property listed below and the offense(s) to which the Defendant has pled guilty and that the Defendant has or had a legal interest in the property, IT IS HEREBY ORDERED THAT:

1.     The following property is forfeited to the United States pursuant to 18 U.S.C. §§ 981 and 982, 21 U.S.C. § 853, and/or 28 U.S.C. § 2461(c):

**all currency and monetary instruments constituting or derived from proceeds traceable to the scheme alleged in the bill of information, including but not limited to the sum of approximately $1,500,000 in proceeds;**

**one 2008 Toyota Rav 4, VIN JTMZD33V185093971;**

**one Movada watch;**

**one 1.5 karat TDW band;**

**one 1.76 karat TDW ring;**

**one 14 wg diamond bracelet;**

**one 18 kw 7.8 rb GH;**

**one 0.51 rd&t .07 dia 18";**

**one Sirius 70 Louis Vitton bag;**

**one Keepall 60 Louis Vitton bag;**

**one Louis Vitton garment carrier;**

**one Alize 2 compartment Louis Vitton bag;**

**one Pegase 60 Louis Vitton bag; and**

**one Trevi GM Louis Vitton bag.**

2.     The United States Marshal Service, the Federal Bureau of Investigation, and/or other property custodian for the investigative agency is authorized to take possession and maintain custody of the above specifically identified property;

3.     The United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the forfeited property, and shall publish notice of this forfeiture as required by law;

4.     Any person, other than the Defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the Court for a hearing to adjudicate the validity of the alleged interest; and

5.     Following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered as to the specifically identified assets above. If no third party files a timely petition, this order shall become the final order and judgment of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property and shall dispose of the property according to law. To the extent that this consent order constitutes a forfeiture money judgment, this order is a final money judgment;

The parties stipulate and agree that the aforementioned assets constitute property derived from or traceable to proceeds of Defendant's crime(s) herein and/or substitute property, and are therefore subject to forfeiture pursuant to 18 U.S.C. §§ 981 and 982, 21 U.S.C. § 853 and/or 28 U.S.C. § 2461(c). The Defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against Defendant. If the Defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, Defendant hereby withdraws that claim. If Defendant has not previously

submitted such a claim, Defendant hereby waives all right to do so.

ANNE M. TOMPKINS
UNITED STATES ATTORNEY

_____       _____
BENJAMIN BAIN-CREED                    STEVIE PERKALE LEE
Special Assistant United States Attorney   Defendant

                                       _____
                                       JOHN JOSEF NICKERSON, ESQ.
                                       Attorney for Defendant

Signed this the 9 day of June , 2010.

_____
UNITED STATES Magistrate JUDGE