UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-69-RJC
3:10-cr-110-RJC

| | |
|---|---|
| STEVIE PERKALE LEE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** comes before the Court upon Petitioner's Amended Motion to Vacate, pursuant to 28 U.S.C. § 2255, (Doc. No. 5); the Government's Response and Motion to Dismiss (Doc. Nos. 11, 12); Petitioner's Motion for Summary Judgment, (Doc. No. 13), and Petitioner's Response to the Government's Motion to Dismiss, (Doc. No. 16). For the reasons that follow, the Government's motion will be granted and Petitioner's § 2255 motion and motion for summary judgment will be denied and dismissed.

I.  BACKGROUND

Petitioner pled guilty, pursuant to plea agreement, to an Information charging him with securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff and 17 C.F.R. § 240.10b-5 (Count One), and tax evasion, in violation of 26 U.S.C. § 7201 (Count Two). (Case No. 3:10-cr-110, Doc No. 1: Information; Doc. No. 3: Plea Agreement). Petitioner appeared before a magistrate judge for his Plea and Rule 11 hearing with counsel and he was placed under oath.[1] The

---

[1] The hearing has not been transcribed, but the Court has reviewed an audio recording of the proceedings. The colloquy between the magistrate judge and Petitioner was memorialized in

1

magistrate judge explained the charges and Petitioner's waiver of his right to indictment by a grand jury. After hearing the potential penalties, Petitioner affirmed that he understood the charges, had discussed them with his attorney, and was guilty. The magistrate judge explained the trial rights, including the right to cross-examine witnesses, that would be waived with a guilty plea. Petitioner agreed to the terms of the plea agreement recited by the government. He affirmed having enough time to discuss defenses with counsel and was satisfied with counsel's services. The magistrate judge accepted Petitioner's plea as knowingly and voluntarily entered. (Id., Doc. No. 6: Acceptance and Entry of Guilty Plea at 5).

Two days before the sentencing hearing, Petitioner pro se filed a motion to dismiss and a motion to suppress disputing his criminal liability for securities fraud and tax evasion and reserving rights under the Uniform Commercial Code. (Id., Doc. Nos. 16, 17, 18). The Government responded and requested that the Court deny an offense level reduction for acceptance of responsibility. (Id., Doc. No. 23: Government's Objection to PSR). At the sentencing hearing on February 2, 2011, the Court found the pro se motions untimely, without merit, and insufficient to justify withdrawal of Petitioner's guilty plea. (Id., Doc. No. 28: Sent. Hr'g Tr. at 4).

The Court went on to find that Petitioner's guilty plea had been knowingly and voluntarily entered with a factual basis, supported by seven exhibits submitted by the Government. (Id. at 5-7). The Court then rejected Petitioner's objection to the Presentence Report's (PSR) inclusion of a project involving John Koutsoupias as part of the offense after

---

writing. (Id., Doc. No. 170: Acceptance and Entry of Guilty Plea).

receiving testimony from Koutsoupias. (Id. at 9-21). The Court then overruled the Government's objection to Petitioner's acceptance of responsibility. (Id. at 21-24). The. (Id. at 24).

Ultimately, the Court found that Petitioner's total offense level was 23, with a criminal history category I, which yielded an advisory guideline range of 46 to 57 months in prison. (Id. at 25). Petitioner asked for a sentence at the low-end of this range and the Government sought an upward variance to 66 months. (Id. at 30, 33, 47). Several victims spoke about the impact of Petitioner's offenses. (Id. at 40-45). The Court sentenced Petitioner to 56 months' imprisonment and ordered him to pay restitution in the amount of $102,564.08 to the Internal Revenue Service and over $1.5 million to the victims detailed in the PSR. (Id. at 51-52). The Court entered Judgment on February 11, 2011, and an Amended Judgment on May 2, 2011, to add a restitution victim who had been omitted originally. (Id., Doc. No. 24: Judgment; Doc. No. 27: Amended Judgment).

Petitioner did not appeal his conviction or sentence, but rather timely filed the instant § 2255 motion[2] detailing eight claims of ineffective assistance of counsel for: (1) failing to make a reasonable investigation into whether his conduct constituted securities fraud; (2) failing to assert that Petitioner lacked the mens rea for securities fraud; (3) failing to assert the defense of reliance on advice of counsel; (4) failing to cross-examine witnesses or challenge the Government's evidence at the sentencing hearing; (5) failing to properly cross-examine John Koutsoupias at the sentencing hearing; (6) failing to challenge the exhibits, arguments, and victim impact

---

[2] Petitioner's initial motion, (Doc. No. 1), was not signed under penalty of perjury as required by 28 U.S.C. § 2255(f). Therefore, the Court granted him leave to file a properly executed motion, (Doc. No. 3: Order).

statements offered by the Government at the sentencing hearing; (7) failing to investigate the law of tax evasion; and (8) failing to challenge the guideline calculation for tax evasion. (Doc. No. 5: Motion at 4-8).

II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. Summary judgment is appropriate in cases where there is no genuine dispute as to a material fact and it appears that the moving party is entitled to judgment as a matter of law. United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991) (applying summary judgment to a motion to vacate). Any permissible inferences which are drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). However, when the record taken as a whole could not lead a trier of fact to find for the non-moving party, granting summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). The Court has considered the record in this matter and applicable authority and concludes that all the claims can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970) (affirming summary disposition where files and records conclusively show that petitioner is entitled to no relief).

III. DISCUSSION

    A. Ineffective assistance of counsel

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show

that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) the deficient performance was prejudicial the defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . ." Id. at 689. A petitioner seeking post-conviction relief based on ineffective assistance of bears a "heavy burden in overcoming this presumption." Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id. "Attorneys need not raise every possible claim to meet the constitutional standard of effectiveness. They are permitted to set priorities, determine trial strategy, and press those claims with the greatest chances of success." United States v. Mason, --- F.3d --- (4th Cir. 2014).

To demonstrate prejudice in the context of a guilty plea, Petitioner must still satisfy the standard set forth in Strickland. In regard to the second prong, Petitioner must demonstrate that he was prejudiced by ineffective assistance of counsel by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). To challenge issues at sentencing, he must, at a minimum, allege facts which establish that his "sentence would have been more lenient" absent counsel's errors. Royal v. Taylor, 188 F.3d 239, 248 49 (4th Cir. 1999).

Under these circumstances, Petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983). If Petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697). In considering the prejudice prong of the analysis, the Court must

5

not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. See Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under the second prong of Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

        1.        Claims regarding the sentence

Petitioner has now been released from custody.[3] Therefore, arguments about the impact of counsel's performance at the sentencing hearing (Grounds Four, Five, Six, and Eight) are moot.

        2.        Claims regarding the conviction

Petitioner remains on supervised release and stands convicted of federal felonies. These continuing consequences satisfy the "case or controversy requirement" of Article III, § 2, of the Constitution. See Spencer v. Kemna, 523 U.S. 1, 7 (1998) (former prisoner must show "concrete and continuing injury" to maintain habeas action following release from confinement). For this reason, the Court will consider the merits of Petitioner's remaining claims.

        a)        investigation of securities fraud

Petitioner asserts that counsel failed to make a reasonable investigation into whether his conduct constituted securities fraud (Ground One). (Doc. No. 5: Motion at 5, 10-24). At his Rule 11 hearing, Petitioner testified under oath that he was guilty of securities fraud after the charge had been explained to him by the magistrate judge. "[I]n the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn

---

[3] See Federal Bureau of Prisons (December 19, 2014), http://www.bop.gov/inmateloc/.

statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (citation omitted).

Petitioner now asserts that his transactions did not involve investment contracts; therefore, they fell outside regulation by the Securities Act. According to the PSR, to which he did not object, Petitioner promised investors a 35% return on their investment in a real estate project and won their confidence with false bank statements and testimonial letters. (Case No. 3:10-cr-110, Doc. No. 14: PSR at 4). Victim impact statements document the impact of Petitioner's false promises had on their expectation to gain a return on their investment in his alleged luxury condominium project. (Id.). The Supreme Court has recognized that the term "investment contract" is broadly construed to mean a contract or scheme for the placing of capital with the intent to secure income or profit from its employment and adapts to cover the "variable schemes of those who seek to use the money of others on the promise of profits." S.E.C. v. W.J. Howey Co., 328 U.S. 293, 298-99 (1946). Therefore, counsel's alleged failure to research federal securities laws did not result in prejudice to Petitioner as such a defense would have been without merit.

      b)  mens rea

Petitioner claims counsel was ineffective for not asserting Petitioner's lack of knowledge of securities regulation and his employment of legal counsel to draft documents as defenses to the mental element of securities fraud. (Grounds Two and Three). (Doc. No. 5: Motion at 5-6, 24-29). As part of his plea, Petitioner admitted under oath that he willfully deceived investors to defraud them in connection with the investment contracts. Additionally, to prove good-faith

reliance on counsel, a defendant must prove "(a) full disclosure of all pertinent facts to an expert, and (b) good faith reliance on the expert's advice." United States v. Butler, 211 F.3d 826, 833 (4th Cir. 2000) (quoting United States v. Miller, 658 F.2d 235, 237 (4th Cir. 1981) (internal quotations omitted)). Petitioner has not shown that he fully disclosed to the real estate lawyer the false documents and statements used to induce investments in the condominium project. Therefore, counsel's failure to assert these defenses did not prejudice Petitioner because they have no application to the facts of this case.

                                              c)        law of tax evasion

Finally, Petitioner claims that counsel was ineffective for failing to investigate or research the law of tax evasion and that no crime was committed when Petitioner did not timely file a tax return in 2009. (Doc. No. 5: Motion at 7-8, 35-36). At his Rule 11 hearing, Petitioner testified under oath that he was guilty of tax evasion after the charge had been explained to him by the magistrate judge. Petitioner's reliance now on 26 U.S.C. § 6511 is mistaken because that statute does not extend the time in which to file a return, but rather provides a limitations period on claiming credits or refunds for overpayment of tax. Additionally, facts in the PSR show that Petitioner sought to evade tax by funding personal luxury items from corporate accounts. (Case No. 3:14-cr-110, Doc. No. 14: at 4). Thus, the record clearly shows that counsel's performance was not constitutionally deficient and that Petitioner suffered no prejudice.

IV.    CONCLUSION

After reviewing the entire record in the light most favorable to Petitioner, the Court finds no genuine issues of material fact such that a rational trier of fact could find that Petitioner is entitled to relief on any of his claims.

**IT IS, THEREFORE, ORDERED** that:

1. The Government's Motion to Dismiss, (Doc. No. 12), is **GRANTED**;

2. Petitioner's Motions for Summary Judgment, (Doc. Nos. 10, 13), are **DENIED**;

3. Petitioner's amended Motion to Vacate, (Doc. No. 5), is **DENIED** and **DISMISSED**; and

4. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court **DECLINES** to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: March 30, 2015

Robert J. Conrad, Jr.
United States District Judge